# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIANNE THOMAS HEIMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1330** |
| **LOUISIANA STATE DEPARTMENT OF CORRECTIONS, ET AL.** | **SECTION "B" (3)** |

## ORDER AND REASONS

Before the Court is the Application for Appointment of Attorney Pursuant to 42 U.S.C. 2000e-5(f)(1) [Doc. #4] filed by *pro se* plaintiff, Dianne Thomas Heims. For the following reasons, the Court denies the motion.

Heims alleges that defendants Louisiana State Department of Corrections ("LDC") and the Louisiana Commission on Law Enforcement ("the Commission") (collectively, "defendants") discriminated against her when they denied her several promotions for which she was qualified. Heims contends that numerous agents that had started employment with defendants after her were promoted when she was not. Heims alleges that defendants retaliated against her after she submitted a complaint that questioned defendants' fairness in deciding promotions and the fact that no minority had been promoted to a supervisory position in the history of the Thibodaux District office.

Heims resigned from the LDC in April 2009 after "continuous failed attempts at promotion." She then transferred her employment to the Commission. After only 11 months, however, the Commission asked her to resign or risk termination for allegedly failing to complete a work

assignment.

Heims filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on March 23, 2012. She received her notice of right to sue from the EEOC on April 5, 2012. Heims then sued defendants on May 24, 2012 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

The Court derives its power to "appoint counsel" from 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request any attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Plaintiff does not have either a constitutional right or an automatic right to appointed counsel in a civil case. *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977). Unlike a criminal defendant, an indigent civil litigant, even if currently incarcerated, does not have a right to appointed counsel absent "exceptional circumstances." *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Sys. Protection Bd.*, Civ. A. No. 01-3297, 2002 WL 1216023 (E. D. La. June 4, 2002) (Shushan, M. J.); *Sly v. Stalder*, 2002 WL 31371958 (E. D. La.) (Oct. 17, 2002) (Wilkinson, M. J. ). Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case. *See Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice. *See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon*, 911 F.2d at 1166. The plaintiff ultimately bears the burden of persuasion as to the necessity of such an appointment. *See Caston,* 556 F.2d at 1310.

The evidence that the Court must consider includes the plaintiff's indigence and efforts made

by the plaintiff to secure counsel; however, these are bare minimum *threshold* considerations. Here, Heims is indigent, and this Court granted her leave to proceed *in forma pauperis*. Heims testified that since she left her employ with the LDC and the Commission terminated her, she now works approximately 32 hours per week at minimum wage. Heims testified that she has made numerous attempts to retain counsel but that no attorney will take her case. She testified that she contacted four local attorneys who refused to take her case because she can not afford the retainer. Nevertheless, this Court is not convinced that Heims's situation justifies the special benefit of having counsel appointed to represent her.[1]

In making this determination, the Court has considered all of the following factors: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting her case adequately; (c) whether she is in a position to investigate her case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992); *Ulmer*, 691 F.2d at 213. The Court has also considered whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case. *Id.*

The issues in this case are not complex. This is a typical, run-of-the-mill Title VII lawsuit, and Heims has adequately represented herself until now. Indeed, Heims proceeded *pro se* before the EEOC and drafted her administrative charge there. Moreover, Heims drafted her 13-page complaint here that details the factual allegations of her termination and resignation.

---

[1] Indeed, during the oral hearing, the Court recommended that Heims contact her local bar association to obtain a list of attorneys who practice the law necessary here.

The Court recognizes that every litigant benefits by having an attorney. However, the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, she will have particular difficulty in investigating and presenting her case such that her situation justifies the special benefit of having counsel appointed to represent her. Heims graduated from Nicholls State University and thus has a college education. She is very articulate and had no difficulty presenting the circumstances of her case to the undersigned in the context of the telephone hearing. She was capable of filing her complaint and the *in forma pauperis* application and obtaining service of the summons on defendants. While the Court recognizes that a trial may be necessary here, the factual allegations detailed in the complaint reveal that Heims is capable, with the assistance of the Court, to cross-examine any witnesses. Plaintiff has thus failed to make the requisite showing that she is entitled to appointed counsel in this suit.

For the reasons set forth above, the Court finds that this is not the type of *extraordinary* case in which appointment of counsel will necessarily assist either the parties or the Court with the presentation of the issues. Rather, on balance, the factors set forth above weigh against granting plaintiff's application for the appointment of counsel. Accordingly,

**IT IS ORDERED** that Dianne Thomas Heims's application for appointment of counsel is DENIED.

New Orleans, Louisiana, this 20th day of July, 2012.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**