UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIANNE THOMAS HEIMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1330** |
| **LOUISIANA STATE DEPARTMENT OF CORRECTIONS, ET AL.** | **DIVISION "3"** |

**ORDER**

On September 26, 2012, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Doc. #9] came on for oral hearing before the undersigned.[1] Present were Charmaine Thomas-Johnson on behalf of plaintiff and Daniel Avant on behalf of defendants. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, the case law and the parties' oral arguments, the Court rules as follows.

**I.   Background**

Plaintiff Dianne Thomas Heims alleges that defendants Louisiana State Department of Corrections ("LDC") and the Louisiana Commission on Law Enforcement ("the Commission") (collectively, "defendants") discriminated against her when they denied her several promotions for which she was qualified. Heims contends that numerous agents that had started employment with

---

[1] The parties consented to proceed before the undersigned under 28 U.S.C. § 636(c). [Doc. #18].

defendants after her were promoted when she was not. Heims alleges that defendants retaliated against her after she submitted a complaint that questioned defendants' fairness in deciding promotions and the fact that no minority had been promoted to a supervisory position in the history of the Thibodaux District office.

Heims resigned from the LDC in April 2009 after "continuous failed attempts at promotion." She then transferred her employment to the Commission. After only 11 months, however, the Commission asked her to resign or to risk termination for allegedly failing to complete a work assignment. She has been unemployed since May 23, 2010.

Heims filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on March 23, 2012. She received her notice of right to sue from the EEOC on April 5, 2012. Heims then sued defendants on May 24, 2012 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and Louisiana state law.

## II.    The Parties' Contentions

### A.    Defendants' Motion to Dismiss

Defendants contend that Heims's claims are time-barred. Defendants argue that Heims complains of events that occurred between April 1999 and May 23, 2010. Defendants note that Heims alleges two dates of termination: (1) in April 2009 from the LDC, and (2) on May 23, 2010 from the Commission. Defendants assert that all of the allegedly unlawful conduct thus ceased in April 2009 and, in any event, no later than May 23, 2010.

From those two dates, defendants contend that Heims had 300 days within which to file a charge with the EEOC, and one year within which to file a lawsuit under the Louisiana Employment Discrimination Law and all other state laws. Defendants note that Heims failed to file a charge with

2

the EEOC until March 23, 2012 and failed to file her lawsuit until May 24, 2012. Defendants thus maintain that Heims's claims are time-barred.

### B. Plaintiff's Opposition

Heims contends that her claims arise under the "continuous conduct" doctrine, and thus the prescriptive period does not begin to run until the allegedly unlawful acts abated. Outlining specific instances of allegedly unlawful conduct, Heims notes that she alleges multiple acts of discrimination.

In the alternative, Heims notes that her colleague, Charlotte Gautreau, was unable to retain permanent employment under their Supervisor, Katherine Guidry, but, instead of termination, Gautreau was allowed to return to her state employer on March 15, 2012. Heims thus avers that the last incident of discrimination did not end with her termination but with the transfer of her then-colleague, Charlotte Gautreau, back to her previous state employer.

### C. Defendants' Reply

Distinguishing the case law on which Heims relies, defendants contend that the continuing tort doctrine applies only when the allegedly unlawful conduct occurs on a daily basis by the same person and of the same nature. Defendants argue that no such allegations exist here.

With regard to prescription, defendants note that there are no allegations of allegedly unlawful conduct between either April 2009 or May 23, 2010 and March 15, 2012, when defendants allegedly allowed Gautreau to return to work.

## III. Law and Analysis

### A. Standard of Review

In considering a motion to dismiss, the Court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. *Baker v. Putnal*, 75

F.3d 190, 196 (5th Cir. 1996).[2] To survive a Rule 12(b) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing the Bell the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (quotation marks, citations, and footnote omitted). Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To resolve a Rule 12(b)(6) motion, the Court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

**B.     Analysis**

Generally, a Title VII plaintiff must file a charge with the EEOC within a certain time frame

---

[2] Because the Court resolves this matter on defendant's motion to dismiss, it does not address the standard of review for a motion for summary judgment.

after the alleged conduct. 42 U.S.C § 2000e-5(e)(1). In a deferral state like Louisiana, a plaintiff must file her charge within 300 days of the complained-of conduct. *See id.* As a result, a plaintiff must file her charge with the EEOC within 300 days of the alleged discriminatory conduct. In addition, a plaintiff must bring state-law claims within one year of the allegedly unlawful conduct. La. Civ. Code art. 3492.

There are, however, two exceptions to this Title VII time-bar. The first is when the "original violation occurred outside the statute of limitations, but is closely related to other violations that are not time-barred." *Hendrix v. City of Yazoo City, Miss.*, 911 F.2d 1102, 1103 (5th Cir. 1990) (applying "continuing violation" theory to Fair Labor Standards Act actions and dismissing argument that the standard is different for Title VII actions). The second is when "an initial violation, outside the statute of limitations, is repeated later; in this case, each violation begins the limitations period anew, and recovery may be had for at least those violations that occurred within the period of limitations." *Id.* at 1103.

Heims contends that the EEOC time limit should not be applied to her claims because of the continuing tort doctrine. "The continuing violation theory relieves a plaintiff of establishing that all of the complained-of conduct occurred within the actionable period if the plaintiff can show a series of related acts, one or more of which falls within the limitations period." *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 351 (5th Cir. 2001).

In her complaint, Heims complains of conduct that occurred past the 300-day and one-year filing periods. According to her complaint, defendants terminated Heims in April 2009 and on May 23, 2010. Heims thus had 300 days from at least no later than May 23, 2010 within which to file her charge with the EEOC, and one year from that date to file her claims under state law. This, she

5

did not do. Heims did not file her charge with the EEOC until March 23, 2012 and did not file this lawsuit until May 24, 2012, well after the 300-day and one-year deadlines. Her claims are thus time-barred unless one of the exceptions applies.

The Court finds that the continuing tort doctrine does not resurrect Heims's claims. None of the conduct about which she complains occurred after the running of the limitations periods and relates back to the allegedly unlawful conduct. Heims complains of no conduct that occurred after the 300-day and one-year limitations periods that would begin the running of such periods anew. As a result, the continuing violation doctrine does not apply.[3]

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Doc. #9] is GRANTED.

New Orleans, Louisiana, this 25th day of October, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Heims cites the Court to no case law – and provides no evidentiary support in either her complaint or her opposition – that defendants' allowing Gautreau to return to her employment on March 15, 2012 interrupts or tolls the prescriptive period for her Title VII and/or state-law claims.